# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

---

DALE NOLAN
on behalf of himself and all others similarly situated,

                    Plaintiff,

    v.

AMI LIVONIA, LLC and
AMI MANCHESTER, LLC

                    Defendants.

Case No.
Hon.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

---

John C. Philo (P52721)
Anthony D. Paris (P71525)
**Sugar Law Center for Economic & Social Justice**
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
*Attorneys for Plaintiffs*

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
**THE GARDNER FIRM**
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
(251) 433-8100/Fax: (251) 433-8181
*Attorneys for Plaintiffs*

Stuart J. Miller (SJM 4276)
**LANKENAU & MILLER, LLP**
132 Nassau Street, Suite 1100
New York, NY 10038
(212) 581-5005/Fax: (212) 581-2122
*Attorney for Plaintiffs*

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Now Comes, Dale Nolan ("Plaintiff") on behalf of himself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against AMI Livonia, LLC and AMI Manchester, LLC ("Defendants") by and through his counsel allege as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendants as a single employer of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act"). Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendant, AMI Livonia LLC ("AMI Livonia"), pursuant to the WARN Act's single employer rule, AMI Manchester, LLC ("AMI Manchester") was also the Plaintiff's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about December 15, 2018-March 4, 2019 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a

2

consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violations of the WARN Act alleged herein occurred in this District and more particularly in Livonia, Michigan. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## THE PARTIES

4. Upon information and belief, at all relevant times, Defendant AMI Livonia, was incorporated in the state of Michigan with a facility located at 36930 Industrial Road Livonia, MI 48150.

5. Upon information and belief, in August 2018, AMI Livonia continued to employ its employees but began to pay its employees from an entity called Gallant Steel Corp.

6. Upon information and belief, at all relevant times, Defendant Ami Manchester was a Michigan corporation with its principal place of business located in Manchester, MI..

7. Defendants jointly maintained, owned, and operated a facility located at 36930 Industrial Road Livonia, MI 48150. (the "Facility").

3

8. Plaintiff Dale Nolan was employed by Defendants as a single employer at the Facility until his layoff without cause on or about March 4, 2019.

9. Plaintiff and the Other Similarly Situated Employees were employed by Defendants at the Facility until their termination without cause on or about December 15, 2018-March 4, 2019 and thereafter at which time Defendants ordered a mass layoff and/or plant closing of the Facility.

10. Upon information and belief, approximately 96 persons were employed at the Facility by Defendants until their termination without cause on or about December 15, 2018-March 4, 2019 and thereafter.

11. Upon information and belief, Defendants, as a single employer, owned and operated the Facility until on or about March 4, 2019 and thereafter.

12. On or about December 15, 2018-March 4, 2019 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facility as part of a mass layoff and/or plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

## **CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)**

13. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

14. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

15. Defendants, as a single employer, were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

16. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

17. Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## **CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

18. The Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the Other Similarly Situated Employees who worked at the Facility and were terminated as part of or as the reasonably foreseeable result of the mass layoff and/or plant closing ordered by the Defendants, as a single employer, on or about December 15, 2018-March 4, 2019 and thereafter ("the "Class").

19. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

20. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

21. The claims of the representative party is typical of the claims of the Class.

22. The representative party will fairly and adequately protect the interests of the class.

23. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

25. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a)    Whether the Class Members were employees of the Defendants who worked at or reported to the Facility;

    (b)    Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

    (c)    Whether the Defendants may rely the WARN Acts "unforeseeable business circumstances" or "faltering company" defense.

    (d)    Whether Defendants failure to provide 60 days' notice should render them liable to the Class Members for 60 days' pay and benefits.

## CAUSE OF ACTION & CLAIM FOR RELIEF: VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, *et. seq.*

26. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Facility.

27. At all relevant times, each of the Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

## SINGLE EMPLOYER ALLEGATIONS

28. The Defendants constituted a "single employer" of the Plaintiff and the Class Members in that, among other things:

***Common Ownership***

7

*(a)* Upon information and belief, in January 2017, Vincent Henderson acquired and at all relevant times thereafter owned, a 100% interest in AMI Manchester.

*(b)* Upon information and belief, in May 2017, Vincent Henderson acquired and at all relevant times thereafter owned, a 100% interest in AMI Livonia.

### *Common Directors and Officers*

*(c)* Upon information and belief, at all relevant times, AMI Livonia did not have its own Board of Directors.

*(d)* Upon information and belief, approximately every month various Directors of AMI Manchester would conduct meetings at the AMI Livonia Facility concerning the AMI Livonia Facility.

*(e)* Specifically:

　i. Upon information and belief, at all relevant times, Vincent Henderson was the President and CEO of both AMI Livonia and AMI Manchester.

　ii. Upon information and belief, John Kampf was the Senior Vice President of Operations at AMI Manchester who split his time between the AMI Livonia Facility and the AMI Manchester facility.

　iii. Upon information and belief, at all relevant times, Michelle Chang was the Human Resources Manager at AMI Manchester, LLC who split her time between the AMI Livonia Facility and the AMI Manchester facility.

8

      iv. Upon information and belief, at all relevant times, Denise Henderson was the Chief Administrative Officer at AMI Manchester, LLC who split her time between the AMI Livonia Facility and the AMI Manchester facility.

*Dependency of Operations*

*(f)* Upon information and belief, at all relevant times, AMI Livonia and AMI Manchester interchanged employees as well as equipment.

*(g)* Upon information and belief, at all relevant times, the Defendants shared management-level personnel who worked at both the AMI Livonia Facility and the AMI Manchester Facility.

*(h)* Upon information and belief, at all relevant times, AMI Livonia was completely dependent on AMI Manchester for its daily operating funds which was provided either directly by AMI Manchester or through financing arranged by AMI Manchester.

*Unity of Personnel Policies*

*(i)* Upon information and belief, at all relevant times, AMI Livonia and AMI Manchester maintained common personnel policies which were put into place by AMI Manchester including payment of wages, as well as a common health care plan all of which was carried out by Michelle Chang, the Human Resources Manager at AMI Manchester.

*(j)* Upon information and belief, at all relevant times, management-level personnel at the AMI Livonia Facility were hired by AMI Manchester.

*(k)* Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by the Board of AMI Manchester.

*De Facto Control*

*(l)* Upon information and belief, at all relevant times, AMI Manchester, by its sole shareholder Vincent Henderson maintained sole control over all critical business decisions made on behalf of AMI Livonia, including decisions relating to Plaintiff's and the Class' employment and specifically, the decision to shut down the Facility without providing WARN notice.

*(m)* In fact, the purported WARN notice provided to the State of Michigan in connection with the AMI Livonia mass layoff and/or plant closure was signed by "Vince Henderson President and CEO of AMI Manchester."

*(n)* Upon information and belief, at all relevant times, all management-level personnel hiring and firing at AMI Livonia were conducted by AMI Manchester.

10

    *(o)* Upon information and belief, the decision to shut down the Facility without providing proper WARN notice was made by AMI Manchester on behalf of AMI Livonia as a single employer.

  29. On or about December 15, 2018-March 4, 2019 and thereafter, Defendants, as a single employer, ordered the "mass layoff" and/or "plant closing" of the Facility as those terms are defined by 29 U.S.C. § 2101(a).

  30. The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering the mass layoff and/or plant closing at the Facility on or about December 15, 2018-March 4, 2019 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

  31. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

  32. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

  33. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 *et. seq.*, Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

34. Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

35. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

36. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

## **JURY DEMAND**

37. On behalf of himself and a class of Other Similarly Situated Employees, Plaintiff demands a trial by jury in this case.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendants as follows:

    a.    An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

    b.    Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

    c.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

    d.    Appointment of the undersigned attorneys as Class Counsel;

    e.    Appointment of Plaintiff as the Class Representatives and payment of reasonable compensation for his services as such;

    f.    The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and

    g.    Such other and further relief as this Court may deem just and proper.

Dated: March 14, 2019        By: __John C. Philo_____

John C. Philo (P52721)
Anthony D. Paris (P71525)
**SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE**
4605 Cass Ave., 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org

- And-

**LANKENAU & MILLER, LLP**
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

**THE GARDNER FIRM**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

Cooperating Counsel for
THE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE, a non-profit law firm

*Attorneys for Plaintiff*