IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DALE NOLAN, on behalf of himself )
and all others similarly situated, )
                             )
     Plaintiff, )
                             )
v. )     Case No. 2:19-cv-10773
                             )
AMI LIVONIA, LLC, )
AMI MANCHESTER, LLC, and )
GALLANT STEEL, INC., )
                             )
     Defendants. )

**JOINT MOTION FOR ORDER (1) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT; (2) APPROVING FORM AND MANNER OF NOTICE TO THE CLASS; (3) SCHEDULING A FINAL FAIRNESS HEARING FOR THE FINAL CONSIDERATION AND APPROVAL OF THE SETTLEMENT AND (4) FINALLY APPROVING THE <u>SETTLEMENT</u>**

Dale Nolan (the "Named Plaintiff" or "Class Representative"), on behalf of himself and on behalf of the certified Class he represents, who are reflected on Schedule 1 to the Settlement (the "Class") on the one hand, and AMI Livonia, LLC, AMI Manchester, LLC, and Gallant Steel, Inc. (the "Defendants"), on the other hand, sometimes collectively referred to herein as the "Parties," by and through their respective counsel of record, hereby move for the entry an Order, among other things, (1) Preliminarily Approving the Settlement Agreement between the Named Plaintiff, on behalf of himself and the Class, and Defendants; (2) Approving the Form and Manner of Notice to the Class; (3) Scheduling a Final Fairness Hearing for final consideration and approval of the Settlement Agreement; and (4) Finally Approving the Settlement Agreement (the "Joint Motion"). In support of the Joint Motion, the Parties submit a memorandum of law and the exhibits, thereto.

Dated:  October 21, 2020                    Respectfully submitted,

| DALE NOLAN | AMI LIVONIA, LLC, AMI MANCHESTER, LLC, and GALLANT STEEL, INC. |
|---|---|
| By:___ *s/ Mary E. Olsen*____ | By:     *s/ Peter J. Wozniak*_____ |
| John C. Philo<br>Anthony D. Paris<br>SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE<br>4605 Cass Ave., 2nd Floor<br>Detroit, Michigan 48201<br>(313) 993-4505<br>jphilo@sugarlaw.org<br>tparis@sugarlaw.org<br><br><br>Stuart J. Miller<br>LANKENAU & MILLER<br>132 Nassau Street, Suite 1100<br>New York, NY 10038<br>(212) 581-5005<br><br>Mary E. Olsen<br>M. Vance McCrary<br>THE GARDNER FIRM<br>182 St. Francis Street, Ste. 103<br>Mobile, AL 36602<br>(251) 433-8100<br><br>*Attorneys for Plaintiff and the Class* | Frank T. Mamat<br>BARNES & THORNBURG LLP<br>3000 Town Center<br>Suite 2440<br>Southfield, Michigan 48075<br>PH: (947) 215-1320<br>fmamat@btlaw.com<br><br><br><br>Peter J. Wozniak<br>Mark Wallin<br>BARNES & THORNBURG LLP<br>One N. Wacker Drive, Suite 4400<br>Chicago, Illinois 60606<br>PH: (312) 357-1313<br><br>peter.wozniak@btlaw.com<br>mark.wallin@btlaw.com<br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 21st day of October, 2020 I filed the foregoing with the Clerk of the Court, which will send a notice of electronic filing to all counsel of record using the CM/ECF system.

s/ __*Mary E. Olsen*_____ _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DALE NOLAN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:19-cv-10773 |
| AMI LIVONIA, LLC, AMI MANCHESTER, LLC, and GALLANT STEEL, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ORDER (1) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT; (2) APPROVING FORM AND MANNER OF NOTICE TO THE CLASS; (3) SCHEDULING A FINAL FAIRNESS HEARING FOR THE FINAL CONSIDERATION AND APPROVAL OF THE SETTLEMENT AND (4) <u>FINALLY APPROVING THE SETTLEMENT</u>**

Dale Nolan (the "Named Plaintiff" or "Class Representative"), on behalf of himself and on behalf of the certified Class he represents, who are reflected on Schedule 1 to the Settlement (the "Class") on the one hand, and AMI Livonia, LLC, AMI Manchester, LLC, and Gallant Steel, Inc. (the "Defendants"), on the other hand, sometimes collectively referred to herein as the "Parties," by and through their respective counsel of record, submit this Memorandum in Support of Joint Motion for the entry of an Order, among other things, (1) Preliminarily

Approving the Settlement Agreement[1] between the Named Plaintiff, on behalf of himself and the Class, and Defendants; (2) Approving the Form and Manner of Notice to the Class; (3) Scheduling a Final Fairness Hearing for final consideration and approval of the Settlement Agreement; and (4) Finally Approving the Settlement Agreement (the "Joint Motion").  In support of their Joint Motion, the Parties respectfully submit the following:

## Jurisdiction

1.     This Court has jurisdiction over this Joint Motion under 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).  Venue of this proceeding and this Joint Motion is proper in this district pursuant to 29 U.S.C. § 2104(a)(5).

## Background

2.     On March 14, 2019, and as amended thereafter, Plaintiff filed a class action complaint (the "WARN Act Litigation"), in the above Court, on behalf of himself and the other similarly situated employees, pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 (the "WARN Act") against Defendants AMI Livonia LLC ("AMI Livonia"), AMI Manchester, LLC ("AMI Manchester") and Gallant Steel, Inc. ("Gallant") as a "single employer."  In the WARN Act Litigation, Plaintiff seeks to recover, on

---

[1] The Settlement Agreement is attached hereto as Exhibit 1.

behalf of himself and the other similarly situated employees, damages in the amount of 60 days' pay and ERISA benefits by reason of the alleged violation of the Plaintiff's and similarly situated former employees' rights under the WARN Act. Among his allegations, Plaintiff alleges that Defendants operated the facility located at 36930 Industrial Road, Livonia, Michigan 48150 (the "Facility") as a single employer, employed the Plaintiff and other similarly situated former employees at the Facility until on or about March 4, 2019, at which time Plaintiff alleges that Defendants ordered a mass layoff and/or plant closing, causing the terminations of the Plaintiff and the putative class members, and alleges that Defendants did so without giving them the 60 days' advance written notice required by the WARN Act.  The WARN Act Litigation further alleges that the Class Representative and the other similarly-situated former employees suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing and are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendants the advance written notice, as required by the WARN Act; and that the Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN

Act.  The WARN Act Litigation further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23.

3.     Defendants filed an answer to the WARN Act Litigation, as amended, on October 4, 2019, in which Defendants admitted that Plaintiff and other similarly situated employees were employed at the Facility.  (ECF No. 23 ¶ 12.)  Defendants contend that all employees at the Facility were provided written notice on or about March 4, 2019 that their employment would end due to AMI Livonia's customers unexpectedly removing their orders and work away from AMI Livonia.  (*Id.*)

4.     In their Answer, the Defendants assert, among other defenses, the "unforeseeable business circumstances" affirmative defense which, if available, would apply to Plaintiff and all the Class Members.  (*Id.*, "Defendants' Affirmative Defenses" ¶ 1.)

5.     On October 7, 2019, Plaintiff served written discovery requests on Defendants, including interrogatories, requests for production and requests for admissions.

6.     Defendants responded to Plaintiff's discovery beginning on November 20, 2019.  In their responses to the requests for admissions, all three Defendants admitted that each was insolvent.

7.     Plaintiff moved for class certification on November 27, 2019. (ECF No. 27.)

4

8. On December 16, 2019, Defendant served written discovery on Plaintiff.

9. On February 20, 2020, the Court entered a Scheduling Order stating that discovery would close in this matter on April 28, 2020. (ECF No. 36.) Within the same Scheduling Order, the Court set the cut-off date for dispositive motions as September 29, 2020, set the Final Pretrial Conference for January 19, 2021, and set trial for February 2, 2021. (*Id*.)

10. Also on February 20, 2020, the Court granted Nolan's Motion for Certification of a Class Action pursuant to Fed. R. Civ. P. 23. (ECF No. 35.)

11. On March 10, 2020, notice was sent to the Class. (*See* ECF No. 37 ¶ 3.).

12. On April 20, 2020, Class Counsel confirmed to the Court that no opt-outs had been received. (*See id.* ¶ 6.) As indicated above, the Class Members are reflected on Schedule 1 to the Settlement.

13. Since early March, the Parties have been exploring a possible settlement of this matter.   As a result of the negotiations and in an attempt to avoid further costly litigation and the uncertainties and risks associated therewith, the Parties have agreed to enter into the Settlement Agreement (attached hereto as Exhibit 1.)

5

## **The Settlement**

14.     The Class Representative and the Defendants ask the Court to approve the Settlement Agreement, for the following reasons:

(a)     The Settlement Agreement reflects the result of arms'-length, good-faith negotiations.

(b)     The Settlement Agreement fully resolves the WARN Act Litigation and provides for monetary benefits to the Class Members contingent upon a Defendant/counter-plaintiff recovery, if any, net of attorneys' fees and costs, in *Constellium Automotive USA, LLC v. AMI Livonia, LLC, et al.*, Case No. 4:19-cv-10462 (E.D. Mich.) ("Contract Litigation Recovery").

(c)     The Settlement Agreement allows the Parties and the Class to avoid extensive, costly litigation over the issues in the WARN Act Litigation, particularly in light of the Defendants' admissions concerning their insolvency.

(d)     Pursuant to the terms of the Settlement Agreement, the contingent Gross Fund is **$250,000**.

(e)     If the Court grants final approval of the Settlement, it will become effective upon the date that the final approval order is entered (the "Effective Date").

(f)     Any distribution from Defendants toward the Gross Fund shall

be wired by Defendants, upon the later of five (5) business days

following entry of the final Order approving this Settlement or

five (5) business days following the occurrence of the Contract

Litigation Recovery, to a qualified settlement fund to be

established by Class Counsel in conformity with Internal

Revenue Code §468B (the "Qualified Settlement Fund")

pursuant to written instructions to be provided by Class

Counsel.  The name of the Qualified Settlement Fund shall be

*AMI WARN QSF*, and, Class Counsel or the Administrator (as

defined below) of the Qualified Settlement Fund shall provide

Defendants with a W-9 for the Qualified Settlement Fund to

enable payment of the Gross Fund.  Class Counsel shall act as

the trustee of the Qualified Settlement Fund.  Once the Gross

Fund is funded, Class Counsel shall cause each Class Member's

distribution to be paid from the Qualified Settlement Fund, and

shall transmit distributions via first class U.S. Mail to the Class

Members at their last known address as indicated on Schedule 1

to the Settlement Agreement (or to such other address as the

Class Members may indicate to Class Counsel or which Class

Counsel may locate).  By accepting his or her portion of the

Gross Fund, each Class Member agrees that he or she will be

solely responsible for any and all tax liabilities stemming from

the payment of his or her claim under the Settlement.  The

Parties agree that the settlement payments contemplated

hereunder shall be inclusive of any and all required payments

by the Defendant under this Settlement.  Under no

circumstances shall the Defendant be required under this

Settlement to pay any sums or other consideration in addition to

the Gross Fund, described herein, for any purpose whatsoever.

Defendants agree to provide Class Counsel with reasonable

updates, upon request, as to the status of *Constellium*

*Automotive USA, LLC v. AMI Livonia, LLC, et al.*, Case No.

4:19-cv-10462 (E.D. Mich.), and any potential or actual

Contract Litigation Recovery.  Assuming Defendants satisfy the

Gross Fund, in full, the net WARN Settlement Claim amounts

for the Class Members are set forth on Schedule 1 to the

Settlement, which reflect a deduction for Class Counsel's Fees

(as defined below), Class Counsel's Expenses (as defined

below) and the Class Representative Service Payment (as

defined below).  In the event that the WARN Settlement Claim Amounts reflected on Schedule 1 exceed the distribution on the Gross Fund, then in such event the Class Members' distributions shall be reduced on a pro rata basis so all Class Members receive an equal percentage of their WARN Settlement Claims.  For the avoidance of doubt, Class Counsel's Fees, Class Counsel's Expenses and the Class Representative Service Payment shall be payable solely out of the Qualified Settlement Fund, consistent with the terms of the Settlement.

(g)     Upon Court approval of the Settlement, the Class Representative shall receive a one-time payment from any distribution from the Qualified Settlement Fund of $5,000 for his role in this matter (the "Class Representative Service Payment").  Class Counsel shall distribute this payment to the Class Representative, in addition to the Class Representative's individualized disbursement on account of the Settlement payment contemplated herein.[2]  Class Counsel's Fees (as

---

[2] For avoidance of doubt, the Class Representative Service Payment shall have no effect on the amount available to the Class Representative for his individualized WARN Settlement Claim Amount.

defined below) will not be deducted from the Class

Representative Service Payment.  Class Counsel shall report the

Class Representative Service Payment on behalf of the Class

Representative on an IRS Form 1099 issued to the Class

Representative with his taxpayer identification number.  The

Class Representative Service Payment shall be paid exclusively

by the Qualified Settlement Fund.

(h)     Upon Court approval of the Settlement, Class Counsel is

entitled to attorneys' fees ("Class Counsel's Fees") in the

amount of one-third (1/3) of any distribution on the Gross Fund,

net of the one-time $5,000 Class Representative Service

Payment.  In addition, Class Counsel is entitled to its litigation

expenses (including costs associated with the production and

mailing of the Class Notice and the administration of this

Settlement, estimated to be approximately $15,000) ("Class

Counsel's Expenses").  Class Counsel's Fees and Class

Counsel's Expenses, as well as the Class Representative

Service Payment, shall be paid exclusively by the Qualified

Settlement Fund.  Class Counsel's Fees and Class Counsel's

Expenses shall be payment in full, whether by statute, common

fund or otherwise, for Class Counsel's work and expenses in connection with this matter.

(i)    Except for the rights arising out of, provided for, or reserved in the Settlement Agreement, each member of the Class, for and on behalf of themselves, and their respective assigns (collectively, the "Releasing Parties"), agree, as part of the Settlement, to fully and forever release and discharge the Defendants and their respective officers, directors, shareholders, agents, employees, partners, members, managers, accountants, attorneys, representatives, and other agents (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties had or may now have against the Released Parties, asserted or which could have been asserted in the WARN Act Litigation. The claims released hereunder are referred to herein as the "Released Claims" and

(j)     Approval of this Settlement Agreement by the Court, combined

with full consummation of Defendants' obligations under this

Settlement Agreement, shall operate as a release of the

Released Claims against the Released Parties by the Releasing

Parties, including the Named Plaintiff and each Class member.

## **The Contents of the Class Notice**

15.     The Parties submit that the proposed Class Notice, a copy of which is

attached hereto as Exhibit 3, meets the requirements of Fed. R. Civ.P. 23(c)(2)(B).

That rule, in pertinent part, provides as follows:

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion [not applicable here since the Class has already been certified];
>
> (vi) the time and manner for requesting exclusion [also not applicable here since the Class has already been certified]; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ.P. 23(c)(2)(B).

16.     The proposed Class Notice satisfies the relevant requirements. The Notice states the nature of the action, the Class claims, and the issues and defenses. The Notice also states that a Class Member may enter an appearance through counsel and that the Settlement Agreement, when approved, will be binding on all Class Members. The Notice also sets forth the terms of the proposed Settlement Agreement and the right of each Class Member to object to the proposed Settlement and the time and manner for doing so. The Notice also provides each Class Member with the individualized of their WARN Settlement Claim (assuming full funding of the contingent Gross Fund). The Notice also apprises the Class, among other things, that complete information regarding the Settlement Agreement is available upon request from Class Counsel that any Class Member may appear and be heard at the hearing on approval of the Settlement Agreement. In addition, the Notice informs the Class Members of the request for the approval of attorneys' fees and expenses to Class Counsel. *See* Fed.R.Civ.P. 23(h).

## **The Manner of Notice**

17.     As to the manner of giving notice, Fed. R. Civ.P. 23(c)(2)B) provides, in pertinent part, as follows:

> For any class certified under Rule 23(b)(3) the Court must direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort.

Fed. R. Civ. P. 23(c)(2)(B).

18.     An individual mailing to each class members' last known address has been held to satisfy the "best notice practicable" test. *Eisen v. Carlisle & Jacquelin et al.*, 417 U.S. 156 (1974) (individual mailings satisfy Rule 23(c)(2)).

19.     The Settlement provides that Class Counsel will mail the Notice by first class mail, postage prepaid, to the Class Members at their last known addresses as set forth on Schedule 1 to the Settlement, unless updated through the efforts of Class Counsel.  The mailing and the fairness hearing will be timed so that the Class Members will have not less than 35 days from the date of the mailing to ensure that Class Counsel has received their objection to the Settlement Agreement.  The Parties submit that giving notice in this manner satisfies the "best notice practicable" test.  In the case of any returned envelopes, Class Counsel will forward to such corrected addresses to the extent they may be obtained.

## The Court Should Preliminarily Approve the Settlement Agreement Pursuant to Fed. R. Civ. P. 23

20.     "'Review of a proposed class action settlement generally involves a two-step process: preliminary approval and a subsequent 'fairness hearing'….If the court preliminarily approves the settlement, it then must direct the preparation of notice informing class members of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing.'" *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223, at *4-5 n.1

14

(S.D.N.Y. June 22, 2007) (quoting *In re Initial Pub. Offering Sec. Litig.*, No. 01 Civ. 3020, 243 F.R.D. 79, 2007 U.S. Dist. LEXIS 19632, 2007 WL 656880, at *4-5 (S.D.N.Y. Feb. 28, 2007)); *see also, e.g.*, *Bailey v. White*, 320 Fed. Appx. 364 *; 2009 U.S. App. LEXIS 7409 ** (6th Cir. 2009) (Rule 23 requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal" Fed. R. Civ. P. 23(e)(1). The notice must "be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"). At the subsequent fairness hearing, class members may formally object to the proposed settlement. *See, e.g.*, *In re Drexel Burnham Lambert Group*, 130 B.R. 910, 924 (S.D.N.Y. 1991) ("Notice of the Settlement and hearing thereon is required so as to allow the Class members an opportunity to object to the fairness, reasonableness or adequacy of the Settlement.").

21.     "'In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.'" *In re Stock Exchs. Options Trading Antitrust Litig.*, 99 Civ. 0962 (RCC), MDL No. 1283, Master

15

Docket No. M-21-79 (RCC), 2005 U.S. Dist. LEXIS 13734, at *16-17 (S.D.N.Y. July 8, 2005) (quoting *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).

22.    The Settlement Agreement has no obvious deficiencies and falls well within the range of reason, considering the insolvency of the Defendants.  Further, each of the above-cited factors favors preliminary approval of the Settlement Agreement.

23.    First, the Settlement Agreement is the result of good-faith, arm's-length negotiations between capable adversaries.  The Parties have been in discussions with respect to a potential compromise of the WARN Act litigation for months, and both Parties are represented by counsel with extensive experience and expertise in employment and class action matters.

24.    Second, the Parties fully explored the claims and defenses through formal discovery and informal disclosure.

25.    Third, the incentive payment agreed to here is fair and reasonable.  An incentive or service payment award to a Class Representative is "particularly appropriate in the employment context . . . [where] the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse

actions by the employer or co-workers". *Silberblatt v. Morgan Stanley*, 524 F.

Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed

to a demonstrable risk of employer retaliation or whose future employability has

been impaired may be worthy of receiving an additional payment, lest others be

dissuaded").  In this case, as demonstrated by the Olsen Declaration, the Class

Representative performed important services for the benefit of the Class by

commencing the litigation, successfully moving for class certification, responding

to Defendants' discovery and willingly assisting counsel throughout the litigation

since its inception.  The amount of the Service Payment here to be paid exclusively

from the contingent Gross Fund (which, at $5,000, is 2% of the Settlement

Amount) is also consistent and on scale with amounts awarded in WARN class

actions in courts across the country.  *See, e.g.*, *D'Amico, et al. v. Tweeter, OPCO,

LLC* and *Schultze Asset Management, LLC*, Adv. Pro. No. 08-51800 (Del. Bankr.

2008) (service payments were approximately 3% of common fund); *Kettell v. Bill

Heard Enterprises, Inc.*, Adv. Pro. No. 08-80153 (N.D. Ala. Bankr. 2008) (court

approved service payments for two class representatives, who were not deposed, in

the amount of $10,000 each. Service payments were approximately 1% of common

fund); *Kohlstadt, et al. v. Solyndra*, Adv. Pro. No. 11-53155 (D. Del. Bankr. 2011)

(class representatives, who were not deposed, received $7,500 and $12,500,

respectively, as service payments, which were approximately 6% of common

fund); *Capizzi, et al. v. AWTR Liquidation Inc., f/k/a Rhythm and Hues, Inc.*, Adv. Pro. No. 2:13-ap-01209-NB (C.D. Cal. Bankr. 2013) (class representatives, who were not deposed, received $10,000 each as service payments, which were approximately 2% of the common fund).

26.     Finally, Class Counsel have collectively been appointed as class counsel in over one hundred (100) WARN Act cases.  Class Counsel has the experience and skill to both vigorously litigate WARN Act claims and to determine when and to what extent settlement is appropriate.  They have exercised that judgment in this case with respect to the Settlement Agreement.

27.     Accordingly, the Court should preliminarily approve the Settlement Agreement.

## The Court Should Finally Approve the Settlement As Fair, Reasonable And Adequate To The Settlement Class At The Fairness Hearing Pursuant To Fed. R. Civ. P. 23

28.     In the context of a Rule 23 settlement, as here, the Court should approve the settlement only after a hearing "and on finding that it is fair, reasonable and adequate." *Bailey v. White*, 2009 U.S. App. LEXIS 7409 at **7.

29.     The Sixth Circuit has found that "[s]everal factors inform this inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class

representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.*

30.    The Court should set a Fairness Hearing that, subject to the Court's calendar, would be held no sooner than 40 days after the mailing of the Class notice. At the Fairness Hearing, the Court should finally approve the Settlement.

31.    This Court has broad discretion in determining whether the proposed settlement should be approved. Settlement of litigation is strongly favored as a matter of public policy.  *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005) (citing *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998)).

32.    There is a strong judicial policy in favor of settlement in order to conserve scarce resources that would otherwise be devoted to protracted litigation. *Bennett v. Behring Corp.*, 737 F. 982, 986 (11th Cir. 1984).  The trial court is entitled to rely upon the judgment of experienced counsel for the parties.  The "opinion of experienced counsel carries great weight in approval of settlements." *Selby v. Principal Mut. Life Ins. Co.*, 98 Civ. 5283 (RLC), 2003 U.S. Dist. LEXIS 21138, at *18 (S.D.N.Y. Nov. 17, 2003) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

33.    As set forth above, the Settlement was negotiated at arms' length over a period of months, during which the Parties formally and informally exchanged

information about the claims, defenses and damages, as well as Defendants'

insolvency. The WARN Act litigation would have been complicated, protracted

and expensive and likely would have lasted at least a year. In light of the

Settlement, both sides can avoid the delay and expense of further litigation and any

risks attendant thereto. The proposed Settlement falls well within the range of

reasonable litigation possibilities as the gross amounts of the contingent Gross

Fund attributable to the Class Members represents approximately 49% of the

maximum WARN wages within the theoretical sixty-day WARN period, as

calculated by Class Counsel. The Class Representative supports the Settlement

and Class Counsel believes that the other Class Members will have a favorable

reaction to the Settlement and not object to it. Public policy is served by the swift

resolution of the Class claims under the circumstances and conservation of the

Court's time and resources.

34.     The Settlement Agreement is therefore in the best interest of the

parties.

35.     Accordingly, the Parties respectfully request the Court to schedule a

hearing for the final consideration and approval of the Settlement Agreement.

WHEREFORE, the Parties respectfully request that the Court enter the

proposed Form of Order, attached hereto as Exhibit 4, (1) preliminarily approving

the Settlement Agreement between Plaintiff, on behalf of himself and the Class he

represents, and the Defendants; (2)  approving the form and manner of Notice to

Class and the right to object to the proposed Settlement Agreement; (3)  scheduling

a Fairness Hearing for the final consideration and approval of the Settlement

Agreement and, ultimately, the proposed Form of Final Order, attached hereto as

Exhibit 5, finally approving the Settlement Agreement.

Dated:  October 21, 2020                     Respectfully submitted,

| DALE NOLAN | AMI LIVONIA, LLC, AMI MANCHESTER, LLC, and GALLANT STEEL, INC. |
|---|---|
| By:__ s/ Mary E. Olsen____ | By:     s/ Peter J. Wozniak_____ |
| John C. Philo<br>Anthony D. Paris<br>SUGAR LAW CENTER FOR<br>ECONOMIC & SOCIAL JUSTICE<br>4605 Cass Ave., 2nd Floor<br>Detroit, Michigan 48201<br>(313) 993-4505<br>jphilo@sugarlaw.org<br>tparis@sugarlaw.org<br><br><br>Stuart J. Miller<br>LANKENAU & MILLER<br>132 Nassau Street, Suite 1100<br>New York, NY 10038<br>(212) 581-5005<br><br>Mary E. Olsen<br>M. Vance McCrary<br>THE GARDNER FIRM<br>182 St. Francis Street, Ste. 103<br>Mobile, AL 36602<br>(251) 433-8100<br><br>*Attorneys for Plaintiff and the Class* | Frank T. Mamat<br>BARNES & THORNBURG LLP<br>3000 Town Center<br>Suite 2440<br>Southfield, Michigan  48075<br>PH: (947) 215-1320<br>fmamat@btlaw.com<br><br><br><br>Peter J. Wozniak<br>Mark Wallin<br>BARNES & THORNBURG LLP<br>One N. Wacker Drive, Suite 4400<br>Chicago, Illinois  60606<br>PH: (312) 357-1313<br><br>peter.wozniak@btlaw.com<br>mark.wallin@btlaw.com<br>*Attorneys for Defendants* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of October, 2020 I filed the foregoing with the Clerk of the Court, which will send a notice of electronic filing to all counsel of record using the CM/ECF system.

s/ __*Mary E. Olsen*_____ _____