IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |  | |
|---|---|---|---|
| DALE NOLAN, on behalf of himself and all others similarly situated, | ) ) ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | Case No. 2:19-cv-10773 | |
| AMI LIVONIA, LLC, AMI MANCHESTER, LLC, and GALLANT STEEL, INC., | ) ) ) ) ) | | |
| Defendants. | ) | | |

**SUPPLEMENTAL DECLARATION OF MARY E. OLSEN IN FURTHER SUPPORT OF APPROVAL OF THE SETTLEMENT, AS AMENDED**

Mary E. Olsen hereby declares the following under penalty of perjury:

1. This declaration is submitted in further support of approval of the Settlement Agreement and Release ("Settlement Agreement") (ECF No. 40-1), along with the amendment described herein and attached, pursuant to the Joint Motion filed on October 21, 2020, by Dale Nolan (the "Named Plaintiff" or "Class Representative"), on behalf of himself and on behalf of the certified Class he represents, who are reflected on Amended Schedule 1 hereto (the "Class") on the one hand, and AMI Livonia, LLC, AMI Manchester, LLC, and Gallant Steel, Inc. (the "Defendants"), on the other hand, for the entry of an Order, among other things, (1) Preliminarily Approving the Settlement Agreement between the Named Plaintiff, on behalf of himself and the Class, and Defendants; (2) Approving the Form and Manner of Notice to the Class; (3) Scheduling a Final Fairness Hearing for final consideration and approval of the Settlement Agreement; and (4) Finally Approving the Settlement Agreement (the "Joint Motion"). (ECF No. 40).

1

2.      As indicated in my original declaration filed in support of the Joint Motion, I am a member of The Gardner Firm, P.C., one of the law firms that represents Plaintiff.

3.      The Settlement, which is the subject of the Joint Motion, was preliminarily approved by the Court on October 26, 2020 ("Preliminary Approval Order"). (ECF No. 41).

4.      The Court approved the Class Notice and the noticing procedure in the Preliminary Approval Order. *Id*.

5.      The Class Notice, which describes the history of the litigation and the essential terms of the Settlement, was mailed to the last known address of each original class member on October 30, 2020.

6.      The deadline to object to the Settlement was December 4, 2020 ("Objection Deadline"), which was thirty-five (35) days from the date of mailing and in compliance with this Court's instructions in the Preliminary Approval Order. *Id*.

7.      There were no objections served or filed to the Settlement, timely or untimely.

8.      However, after the Class Notice was mailed, undersigned was contacted by three former employees who were not listed on Schedule 1 to the Settlement Agreement, and who asserted entitlement to membership in the Class.

9.      Upon investigating the claims of the three former employees who contacted undersigned and who were not on the Class list provided to undersigned by Defendants, the Parties have now identified and agreed that that the following three individuals should be included in the Class: Abdulwahid M. Said, Trina K. Alexander and Jamal L. Harrison (the "Additional Employees") and that the amount of the Gross Fund should be increased to $ 259,914.74 to reflect the inclusion of the Additional Employees.

10. The amendment to the Settlement Agreement, as well as the Amended Schedule 1, reflecting the inclusion of the Additional Employees and the resulting increase to the Gross Fund, is attached hereto as "Exhibit A".

11. I submit that the Settlement Agreement, as amended, should be approved as fair, reasonable and adequate.

12. The team of lawyers representing the Plaintiff and the Class in this case is highly skilled and experienced.

13. I, along with co-counsel in this matter, have unique and substantial experience prosecuting WARN Act class actions. This experience has been and will be a real benefit to the Class.

14. As noted in my declaration filed in support of class certification, (ECF No. 27-3), I have served as class counsel in more than fifty (50) WARN Act class actions. I have extensive experience in handling matters of this type.

15. I submit that the proposed Class Counsel fees in the amount of one-third (1/3) of any distribution on the contingent Gross Fund, net of the one-time Service Payment to the Named Plaintiff of $5000, plus Class Counsel's Expenses, are fair and reasonable. The Class Notice sent to every Class Member fairly apprised them of this and Class Members have been provided the opportunity to object to the reasonableness of the settlement, including the attorney fees and expenses sought and the Service Payment, and none have objected.

16. Class Counsel has incurred, and will continue to incur, reasonable expenses and costs associated with the litigation of this case and the administration of the Settlement, if approved. These reasonable and necessary expenses (including the cost of administration of any distributions) are estimated to be approximately $15,000 ("Class Counsel's Expenses").

17. The percentage of the fund method to determine reasonable attorneys' fees "is the preferred method in the Sixth Circuit for common fund cases" because "it most accurately reflects the results achieved in a case." *Elwert, Inc. v. Alliance Healthcare Servs.*, 2018 U.S. Dist. LEXIS 162060 at *10 (N.D. Ohio 2018)(citations omitted).

18. There are distinct advantages to Courts in utilizing the percentage of the fund method, because it is less burdensome, enhances efficiency by eliminating the incentive to bill as many hours as possible, does not serve as a disincentive to early settlement and, because it is result oriented, better approximates the workings of the marketplace. See e.g., *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation,* 56 F.3d 295, 307 (1st Cir. 1991).

19. In this case, the reasonableness of the requested one-third fee is further supported, below, by factors considered within the Sixth Circuit.

20. WARN Act class action litigation is highly specialized and complex. This case was no exception. Class Counsel has the requisite skill and experience to have ably represented the Named Plaintiff and Class, and to continue to do so. Undersigned, along with Lankenau & Miller, LLP, accepted this matter on a one third contingency fee basis. In addition, and as discussed above, Class Counsel has incurred, and will incur, reasonable expenses and costs associated with the litigation of this case.

21. The Settlement in this case was reached after the Parties formally and informally exchanged legal positions and other information relating to the claims and defenses in the WARN Act Litigation in furtherance of the Parties' efforts to resolve this matter. Once a resolution was agreed upon in principle, Plaintiff's counsel drafted and prepared the necessary

documents to memorialize and seek approval of the settlement.  Plaintiff's counsel also spoke with many Class members about the Settlement Agreement.

22. The Named Plaintiff, who personally retained undersigned, agreed that Class Counsel would be paid one third, plus expenses, of the fund created if Class Counsel was successful enough to create one.  In the plaintiff's employment law arena, the typical contingency fee retainer requires clients to consent to a fee of forty percent of the gross recovery – a percentage higher than that sought by Plaintiff's counsel in this case.  Importantly, my firm regularly spends hundreds of hours each year investigating WARN Act inquiries which do not result in litigation and for which we are not compensated.  Additionally, by their nature, WARN Act cases present a high degree of risk of recovery, as evidenced by this case.  Thus, over the years, my firm has litigated many cases in which defendants or debtors were ultimately unable to pay, so that we received no fee for our work.

23. District courts in the Sixth Circuit frequently award one-third of the common fund in the class action settlement context.  *Elwert* at *13 (N.D. Ohio 2018).  Further, an award of one-third of the common fund as attorneys' fees to class counsel is common in WARN Act class action settlements and, in undersigned's personal experience, is regularly approved by Courts across the country.  See e.g., *Guippone v. BH S&B Holdings, LLC*, Case No. 09 Civ. 01029 (CM), 2011 U.S. Dist. LEXIS 126026, at *27-28 (S.D.N.Y. Oct. 28, 2011) ("[I]n more than 30 WARN actions class counsel was awarded a one-third fee." citing *In re Consolidated Freightways Corporation*, Case No. 02-24284-MG (Bankr. C.D. Cal.); *Powell v. Creighton Incorporated*, Case No. 1:01CV779 (M.D.N.C.); *In re CTC Communications Group, Inc.*, Case No. 02-12873 (PJW) (Bankr. D. Del.); *Madley v. Florida Cypress Gardens, Inc.*, Case No. 8:03-CV-00795-T-17TBM (M.D. Fla.); *In re Dollar Land, Inc.*, Case No. 02-14547 (Bankr. E.D. Pa);

*Johnson v. GMAC Mortgage Group, Inc.*, Case No. C04-2004-LRR, (N.D. Iowa); *Morris v. Greenwood Mills. Inc.*, Civil Action No. 8:02-221-24, (D. S.C.); *In re Inacom Corp*, Case No. 00-2426 (PJW) (Bankr. D. Del.); *Teligent, Inc.*, Case No.: 01-12974(SMB) (S.D.N.Y.); *Bandel v. L.F. Brands Marketing, Inc.*, Civil Action No. 04 CV 1672 (CSH) (S.D.N.Y.); *Baker v. The National Machinery Company*, Case No. 3:02CV7444 (N.D. Ohio); *Deninno v. Penn American Coal Company, L.P.*, Civil Action No. 03-0320 (D. W.D. Pa.); *In re Pliant Systems, Inc.*, Case No. 01-01264-5 ATS (Bankr. E.D.N.C.); *Adkins v. Pritchard-Brown*, Case No. 5:03CV129-OC 10 GRJ, (M.D. Fla.); *Gibson v. Sonic Foundry, Incorporated*, Case No. CV-03-4062 SVW (CD. Cal.); *In re Thomaston Mills, Inc.*, Case No. 01-52544 (RFH) (Bankr. M.D. Ga); *Ballentine v. Triad International Maintenance Corporation*, Case No. 0 1-1 0357 (E.D. Miss.); *Trout v. Transcom USA*, Case No. 1:03-cv-0537-LJM-WTL, (S.D. Ind.); *Padgett v. Wireless Retail, Inc.*, Case No. CV04 1170 PHX-SR, (D. Ariz.)). In addition to the cases cited by the *Guippone* Court, other courts have awarded a third of the common fund as attorneys' fees in WARN Act class action settlements. *See In re Quantegy*, Case No. 05-80042 (Bankr. M.D. Ala.); *Kizer v. Summit Partners, L.P.*, Case No. 1:11-CV-38 (E.D. Tenn. Jul. 10, 2012); *Nieves v. Community Choice Health Plan of Westchester, Inc.*, Case No. 7:08-CV-321 (S.D.N.Y. May 8, 2012); *Robbins v. Durham School Services, L.P.*, Case No. 1:09-CV-609 (W.D. Tex. May 31, 2011); *Hackworth v. Telespectrum Worldwide, Inc.*, Case No. 3:04-CV-1271 (S.D. W.Va. Aug. 3, 2006); *Knapp v. Badger Techs, Inc.* 2015 U.S. Dist. LEXIS 77186 (W.D.N.Y. 2015); *Mees v. Skreened, Ltd.*, 2016 U.S. Dist. LEXIS 1242 (S.D. Ohio 2016); *Bennett v. Roark Capital Group, Inc.*, 2011 U.S. Dist. LEXIS 48094 (D. Me. 2011). I submit that the one-third fee sought here is appropriate.

24. There was, and still is, a risk that we might never be paid for the work we have done in this matter. The Settlement Agreement fully resolves the WARN Act Litigation and

provides for monetary benefits to the Class Members <u>contingent</u> upon a Defendant/counter-plaintiff recovery, if any, net of attorneys' fees and costs, in *Constellium Automotive USA, LLC v. AMI Livonia, LLC, et al.*, Case No. 4:19-cv-10462 (E.D. Mich.) ("Contract Litigation Recovery"). Class Counsel believes, based on their vast experience in this type of litigation, that the result achieved here is reasonable under the circumstances and particularly in light of the Defendants' admissions concerning their insolvency. The Settlement Agreement allows the Parties and the Class to avoid extensive, costly litigation, and the associated risks, over the issues in the WARN Act Litigation.

25. Society has a great stake in rewarding attorneys who produce benefits such as those agreed to here. Society, not just the individual workers, is burdened when mass layoffs and plant closings occur without adequate and proper notice and opportunity for worker retraining. Government and communities are badly impacted. Further, because a typical WARN Act claimant, who has just lost his/her job, lacks the resources to hire counsel on anything other than a contingency fee basis, attorneys, such as undersigned, who accept such cases take on huge risks of receiving no fee and no reimbursement of expenses. Society benefits when attorneys agree to take such risks. If attorneys did not take such risks, it would be highly unlikely that legitimate WARN Act claims would be asserted and vindicated. Such risks must be rewarded appropriately if attorneys are to be incentivized to litigate cases on behalf of citizens of communities disrupted by mass layoffs and plant closings.

26. As noted above, WARN Act class action litigation is highly specialized and complex. This case was no exception, and included written discovery, class certification and preparation of the Settlement and the documents supporting approval. Class Counsel has the requisite skill and experience to have ably represented the Plaintiff and Class, and to continue to

do so.  Undersigned, along with co-Class Counsel, have invested a significant amount of time in the litigation of this matter, spanning more than a year and a half, for which they have not been paid due to the contingent nature of the case. Additional work will be necessary, dedicated toward the settlement approval process; responding to class member inquiries; communication with defense counsel concerning any Contract Litigation Recovery, as well as coordination and assistance provided to the Settlement Administrator, should the Settlement, as amended, be approved and a distribution be made.

27. I submit that the benefits provided by the Settlement, as amended, to the Class are well within the range of reasonable outcomes in this case, under the circumstances.

28. The Service Payment of $5000 to the Named Plaintiff for his services rendered in this action should also be approved.  Incentive payments are fairly typical in class actions and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action. See, *Berry, et al. v. Schulman*, 807 F.3d 600, 613 (4th Cir. 2015) (citing *Rodriguez v. W. Publ'g Corp*., 563 F.3d 948, 958-59 (9th Cir. 2009)); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) (Incentive or service payment awards to a Class Representative are "particularly appropriate in the employment context . . . [where] the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers").  Here, Plaintiff stepped forward to bring a WARN Action in his own name on behalf of his former co-workers, and potentially be deposed and testify, if required.  Mr. Nolan agreed to do so at a point when his future was uncertain and employment prospects potentially dimmed by suing his former employer.  Without the efforts of Mr. Nolan, there would not have been any potential recovery

for the Class.  As the Court is likely aware, this lawsuit is searchable on the Internet and may become known to prospective employers evaluating the Named Plaintiff for employment. Mr. Nolan expended time and effort to assist with the preparation of the complaint in this matter.  He assisted in the ongoing investigation of the claims and with providing a declaration in support of the motion for class certification.  All of these contributions were material to the Parties being able to ultimately reach a settlement.   Mr. Nolan performed important services for the benefit of the Class in commencing the litigation and working with Class Counsel.  Further, Mr. Nolan benefitted the Class through his willingness to sit for deposition, had he been noticed for one.

29. The amount of the service award agreed to here is also consistent and on scale with amounts awarded in WARN class actions in bankruptcy courts across the country.  *See*, *Kettell v. Bill Heard Enterprises, Inc.*, Adv. Pro. No. 08-80153 (N.D. Ala. Bankr. 2008) (court approved service payments for two class representatives in the amount of $10,000 each. Service payments were approximately 1% of common fund); *D'Amico, et al. v. Tweeter, OPCO, LLC* and *Schultze Asset Management, LLC*, Adv. Pro. No. 08-51800 (Del. Bankr. 2008) (one class representative who was deposed received $15,000, the other two received $10,000 each. Service payments were approximately 3% of common fund); *Kohlstadt, et al, v. Solyndra*, Adv. Pro. No. 11-53155 (Del. Bankr. 2011)(class representatives received $7500 and $12,500, respectively, as service payments, which were approximately .6% of common fund); *Capizzi, et al., v. AWTR Liquidation Inc., f/k/a Rhythm and Hues, Inc.*, Adv. Pro. No. 2:13-ap-01209-NB  (C.D. Cal. Bankr. 2013)(class representatives received $10,000 each as service payments, which were approximately 2% of the common fund). Accordingly, I submit that the $5,000 Service Payment to the Class Representative (representing 2% of the Gross Fund) is appropriate and justified as part of the overall Settlement in light of the value of the Class Representative's service to the

Class and risks taken on behalf of the Class.[1] Moreover, the Defendants have agreed to the proposed award of the Service Payment to the Class Representative, to be paid solely from the Gross Fund. Accordingly, the proposed Service Payment of $5000 to Mr. Nolan is appropriate and justified in light of the value of his services to the Class and the risks, as well as personal burdens, taken on their behalf.

30. In view of all of the foregoing, as well as the Joint Motion in support of the Settlement and all attachments thereto, (ECF No. 40), I ask the Court to approve the Settlement, as amended.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 14, 2020

/s/ *Mary E. Olsen*
Mary E. Olsen (OLSEM4818)
**THE GARDNER FIRM, P.C.**
182 St. Francis Street; Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100
*Admitted Pro Hac Vice*
molsen@thegardnerfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, 2020, I filed the forgoing with the Court via CM/ECF thereby causing service on counsel of record upon all counsel of record.

/s/ **Mary E. Olsen**

---

[1] In addition to the Service Payment, the Class Representative shall be authorized to participate in the settlement as a Class Member.